IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| STARLYN ENSZ,<br><br>    Plaintiff/Counter-Defendant,<br><br>vs.<br><br>CHASE BANK USA, N.A.,<br><br>    Defendant/Counter-Plaintiff. | No. 18-CV-2065-CJW<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM PURSUANT TO RULE 12(b)(1)** |

Pursuant to Rule 12(b)(1) of Federal Civil Procedure, Plaintiff/Counter-Defendant, Starlyn Ensz, through her undersigned counsel or record, respectfully presents this Memorandum of Law in support of the Motion to Dismiss Chase Bank USA, N.A. (hereinafter "Chase")'s Counterclaim. As fully discussed below, this honorable Court should dismiss the entire counterclaim for lack of subject-matter jurisdiction because (1) Chase failed to plead any independent basis of jurisdiction over the counterclaim; and (2) the counterclaim at issue is a permissive counterclaim, not a compulsory counterclaim, that lacks a common nucleus of operative facts with respect to Plaintiff's claims in this case.

## I. INTRODUCTION

On August 30, 2018, Plaintiff filed the Complaint in the instant case, alleging solely violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter, "TCPA") (Dkt. 1). On November 13, 2018, Chase filed its Answer to Complaint with a Counterclaim for breach of contract and collection of monies allegedly due in the amount of $4,742.90 (Dkt. 6, pages 15-20).

This Court should dismiss Defendant's counterclaim, without prejudice, for lack of subject matter jurisdiction because (1) Chase's counterclaim is permissive, not compulsory; Plaintiff's TCPA claim; (2) Chase's claims for breach and collection do not share a "common nucleus of operative facts;" and (3) there is neither "federal question" jurisdiction nor "diversity" jurisdiction over Chase's claims.

## II. STANDARD OF REVIEW

In determining whether a claim should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), the court "must accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party." See Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency, 615 F.3d 985, 988 (8th Cir. 2010). This does not change that "[t]he burden of proving federal jurisdiction, however, is on the party seeking to establish it[,]" a burden that may not be shifted to the other party. Id., citing Newhard, Cook & Co. v. Inspired Life Ctrs., Inc., 895 F.2d 1226, 1228 (8th Cir. 2010).

In this case, Plaintiff contends that on the face of Chase's counterclaim, this honorable Court does not have subject matter jurisdiction to resolve the same, insofar as it is permissive in nature and does not arise out of a common nucleus of operative facts. In light of the aforementioned standard, the scope of the Court's review of Plaintiff's motion to dismiss is limited to consideration of those allegations in the Plaintiff's Complaint and Defendant's Counterclaim, viewed in the light most favorable to Defendant Chase, the non-moving party.

## III. ARGUMENTS

**A) Chase's Counterclaim Should be Dismissed for Lack of Subject Matter Jurisdiction.**

Although divided into three plausible counts, Chase's counterclaim is ultimately a breach of contract, collection of monies claim for $4,792.90 that does not fall within the limited subject matter jurisdiction of this Court and should, therefore, be dismissed. In order for a claim (or

counterclaim) to be heard before a federal court, it must fall within of the court's "original jurisdiction" or "supplemental jurisdiction." "Original Jurisdiction" refers to two types of cases: federal questions (or any civil action arising "under the Constitution, laws or treaties of the United States" 28 U.S.C. § 1331, and (2) diversity cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." See 28 U.S.C. § 1332(a)(1). "Supplemental Jurisdiction" is extended to claims that do not fall within a federal court's original jurisdiction but are adjudicated together with another claim within the "original jurisdiction," as they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." See 28 U.S.C. § 1367(a).

In our case, as Chase's counterclaim is based entirely on state law, is under $75,000, and is not closely related to Plaintiff's federal TCPA claims. As such, it has no basis for "original" jurisdiction. Equally important, Chase's conclusory allegation notwithstanding, Chase's counterclaim lacks a "common nucleus of operative fact" with the Complaint, and thus, there is no basis for "supplemental" jurisdiction either.

**1. Lack of "original" subject matter jurisdiction over Defendant's counterclaim.**

This Court does not have "original" subject matter jurisdiction with respect to Chase's breach and collection counterclaim as it involves neither a federal question nor diversity of citizenship with a claim in excess of $75,000.00. See 28 U.S.C. § 1331. Chase's breach of contract counterclaim is one that arises from state law and does not arise under the "Constitution, laws or treaties of the United States." For such reason, federal question jurisdiction is clearly absent.

An analysis of whether there is "diversity" jurisdiction with respect to Chase's contractual claim requires the same result. As mentioned, 28 U.S.C. § 1332(a) requires a claimant to plead that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and that the claim be between citizens of different states. While Plaintiff resides in McIntire, Iowa and Defendant's principal place of business is in Wilmington, Delaware, Chase has pled that Plaintiff breached the contract and per its accounting, Mrs. Ensz owes Chase $4,792.90. See Defendant's Counterclaim [Doc. 6] pages 15-20. As a result, the amount in controversy as alleged by Defendant fails to meet the $75,000.00 threshold required by the statute and Defendant is unable to establish "diversity" jurisdiction.

Based on the foregoing, there is no basis for this Court to exercise federal question jurisdiction or diversity jurisdiction over Defendant's counterclaim. But Chase has not claimed any of these as jurisdictional bases for asserting these claims, but supplemental jurisdiction. However, review of the allegations reveals that there is no supplemental jurisdiction, either.

**2.      This Court should not exercise supplemental jurisdiction over Defendant's counterclaim.**

Supplemental jurisdiction of federal courts is provided for in 28 U.S.C. § 1367. Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

In order to have supplemental jurisdiction under 28 U.S.C. § 1367(a), Plaintiff's TCPA claim and Chase's breach of contract claim would have to derive from "a common nucleus of operative fact." Myers v. Richland County, 429 F.3d 740, 746 (8th Cir.2005), citing United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Section 1367(a) "grants federal courts

4

Case 6:18-cv-02065-CJW-MAR   Document 13-1   Filed 12/04/18   Page 4 of 9

supplemental jurisdiction over claims over which no original jurisdiction exists" and "applies to state law claims brought by a plaintiff as well as to counterclaims brought by a defendant." Sparrow v. Mazda Am. Credit, 385 F.Supp.2d 1063, 1066 (E.D.Cal. 2005).

In this case, Chase's counterclaim concerns issues of state contract law and the validity of an alleged debt, while Plaintiff's TCPA claim concerns exclusively matters of federal law and automated, non-emergency telephone calls placed to Plaintiff's cellular telephone after Plaintiff exercised her federal right to be free from the same.

A party's counterclaim falls under the "supplemental" jurisdiction of the federal courts when it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." See Fed. R. Civ. P. 13(a)(1)(A). The U.S. Supreme Court has held this language to mean that federal courts have supplemental subject-matter jurisdiction only over claims that form part of the "same case or controversy" as the original claim falling within the original jurisdiction of the court, in that the claims "derive from a common nucleus of operative fact." Mine Works of America v. Gibbs, 383 U.S. 715, 725 (1966).

Generally, counterclaims that do not meet this standard considered "permissive" and will require their own "original" jurisdiction basis to be heard in "federal question" or "diversity". Painter v. Harvey, 863 F. 2d 329, 331 (4th Cir. 1988); Whigham v. Beneficial Finance Co., 599 F. 2d 1322 (4th Cir. 1979). Although in this Circuit, some permissive counterclaims are exceptionally allowed under supplemental jurisdiction, in the context of the Fair Debt Collection Practices Act, the Eighth Circuit has held that a collection of monies claim "is not logically related to the federal action initiated to enforce federal policy regulating the practices for the collection of such debts." Peterson v. United Accounts, Inc., 638 F.2d 1134, 1137 (8th Cir. 1981); see also, Graf v. Pinnacle Asset Group, LLC, 2015 WL 632180, *7-*8 (D.Minn. 2015)(finding supplemental jurisdiction over permissive counterclaim, but declining to exercise jurisdiction

since allowance of the money claim would undermine the remedial purpose of the Fair Debt Collection Practices Act.)

In this Circuit, while § 1367(a) articulates a general rule requiring the mandatory exercise of supplemental jurisdiction, "[s]ubsection (c) provides exceptions to [this] mandatory command, granting district courts discretion to reject supplemental jurisdiction under certain circumstances." <u>Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills</u>, 141 F.3d 1284, 1287 (8th Cir.1998). The instant case presents precisely such circumstances.

### i.     There is no common nucleus of operative fact.

As it concerns Plaintiff's TCPA claim, the operative facts Plaintiff must prove to be successful are (1) that Defendant called Plaintiff using an automatic telephone dialing system (including a predictive dialer) or artificial or pre-recorded voice, (2) that the calls were placed to Plaintiff's cellular telephone, (3) that the calls were not made for "emergency purposes," and (4) that the calls were made without Plaintiff's prior express consent. <u>See</u> 47 U.S.C. § 227(b)(1)(A)(iii). On the other hand, the operative facts that Chase must prove as to its breach of contract claim are generally the existence of a valid contract, its breach, and a satisfactory accounting of amounts owed. <u>See</u> Counterclaim, Dkt. 6, pages 15-20.

Based on the foregoing, it can be gathered that in order to be successful on their respective claims, Plaintiff and Defendant will be required to prove plainly different sets of facts, neither of which will have any evidentiary effect on the other's claims. Assuming *arguendo* that Chase is able to establish its breach of contract and money claim, the facts required to prove that claim neither support nor undermine Plaintiff's claim because neither the validity of the contract nor the accounting of the alleged debt Chase claims have any bearing on whether Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system or artificial or pre-recorded voice, without Plaintiff's consent. Accordingly, this Court cannot exercise supplemental jurisdiction over Defendant's counterclaim under 28 U.S.C. § 1367(a).

### ii. Numerous courts have determined that collection counterclaims in TCPA cases are permissive counterclaims outside federal supplemental jurisdiction.

Numerous courts have determined that contractual counterclaims made where the Plaintiff has originally alleged violations of the TCPA are permissive in nature and not compulsory, for which they are unable to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a).

In Ammons v. Ally Financial, Inc., 305 F.Supp.3d 818 (M.D.Tenn. 2018), the Court held that two separate factual inquiries were required to adjudicate the federal claims under the Telephone Consumer Protection Act ("TCPA"), *vis a vis* the state claims under which the defendant's counterclaim arose, and thus, granted plaintiff's motion to dismiss counterclaim, without prejudice. Id. at 824-25. In resolving to dismiss the counterclaim, the Ammons Court reviewed various precedents of TCPA claims with various state law counterclaims and reasoned:

> The same concerns apply to the TCPA. Ginwright v. Exeter Finance Corp., 2016 WL 5867443, *5 (D.Md. 2016). The TCPA is a remedial statute meant to protect consumers from certain telephone calls "thought to be an invasion of consumer privacy and even a risk to public safety." Riazi v. Ally Financial, Inc., 2017 WL 4260847, *6 (E.D.Mo. 2017), citing In re Rules and Regulations Implementing the TCPA of 1991, 18 F.C.C.R. 14010, 14018 (July 3, 2003) ). These include debt collection calls to cell phones. See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 27 F.C.C.R. 1830, 1834 (2012) (exempting debt collection calls to landlines, but not to cellphones, from coverage of TCPA); (Doc. No. 59 at 10–11) (collecting cases recognizing damages under the TCPA from debt collection calls or texts to cell phones). Further, because the TCPA is a remedial statute, it should be liberally construed in favor of the consumer. Mey v. Venture Data, LLC, 245 F.Supp.3d 771, 775 (N.D.W.Va. 2017). "Permitting the collection of an underlying debt by way of a counterclaim in a plaintiff's federal TCPA action creates the risk of a chilling effect on ... bringing a TCPA action." Riazi, 2017 WL 4260847 at *6 (citation omitted). Thus, "[t]he Court's exercise of supplemental jurisdiction over [Ally's] Counterclaim would likely frustrate the federal policy of deterring automated telephone calls embodied within the TCPA. Specifically, if the Court were to exercise supplemental jurisdiction over counterclaims for collection of the underlying debt involved in TCPA claims, prospective plaintiffs would potentially be discouraged from bringing forth meritorious TCPA claims for fear of such counterclaims."[4] Watkins v. Synchrony Bank, 2015 WL 5178134, *5 (M.D.Penn. 2015).
>
> **\*825** The Court therefore concludes that asserting supplemental jurisdiction over

Ally's fraudulent inducement state law Counterclaim would undermine the remedial purpose of the TCPA and its goal of protecting consumers from unwanted automated calls to cell phones—even for debt collection purposes—that annoy and invade privacy. Accordingly, even if Ally's Counterclaim were to fall within the Court's supplemental jurisdiction, the Court would find that the facts of this matter present "exceptional [public policy] circumstances" justifying a decision to decline to exercise that jurisdiction. See 28 U.S.C. § 1367(c)(4); Riazi, 2017 WL 4260847, at *6; Graf v. Pinnacle Asset Group, LLC, 2015 WL 632180, *6–8 (D.Minn. 2015).

Ammons, at 824-25.

As in the aforementioned cases, the only commonality between Plaintiff's federal TCPA claim and Chase's contractual breach and collection claim is that it involves the same parties. Chase will probably argue that both parties' claims stem from the same underlying contract; however, this alone is insufficient to establish a common nucleus of operative fact. The issues of fact and law required to successfully establish the respective claims are quite distinct and apart. The evidence required by each to succeed on the respective claims is quite different, insofar as the Telephone Consumer Protection Act requires elements that turn on the telephonic system used to call the plaintiff, and the expression of lack of consent that the plaintiff gave to receive automatically dialed calls. For such reason, Chase's counterclaim could, at best, only be considered permissive and its adjudication in this proceeding contrary to the remedial nature of the Telephone Consumer Protection Act. As such, even if this Court distinguished generally considered affording supplemental jurisdiction to a permissive state law counterclaim, it should not exercise supplemental jurisdiction over Chase's counterclaim in light of the policy fostered by the TCPA.

### IV. CONCLUSION AND PRAYER

In light of the aforementioned, this Court should hold that Defendant's counterclaim has no basis in "original" jurisdiction or "supplemental" jurisdiction of the Court, dismissing Defendant's counterclaim, without prejudice.

Wherefore, Plaintiff respectfully requests this Honorable Court to grant her Motion to Dismiss Defendant's Counterclaim, dismissing Chase's claims without prejudice.

RESPECTFULLY SUBMITTED,

Dated: <u>December 4, 2018</u>

By: **/s/ Carlos C. Alsina**
Carlos C. Alsina-Batista
4740 Green River Rd., Suite 310
Corona, CA 92880
Tel. (657) 363-3331
Fax. (657) 246-1311
Email: CarlosA@jlohman.com

## CERTIFICATE OF SERVICE

I hereby certify that a PDF file of this document was filed using the CM/ECF system, which will notify Defendant's counsel of record, Lance W. Lange (lance.lange@FaegreBD.com) and Arjun P. Rao (ARao@stroock.com).

Dated: December 4, 2018.

**/s/ Carlos C. Alsina**
Carlos C. Alsina Batista
The Law Offices of Jeffrey Lohman, P.C.
*Attorneys for Plaintiff Starlyn Ensz*